*583 OPINION.
Love :
As presented by the amended petition, the sole issue in this proceeding is the fair market value of certain notes, secured by a purchase money mortgage, received by petitioner upon the sale of certain lands- during the year 1925.
The selling price of this land we have found to be $237,500, of which $60,000 was paid in cash at the time of the sale, petitioner accepting five notes totaling $177,325 for the balance. In addition, petitioner received for the benefit of the broker effecting the sale, a note in the amount of $12,250, representing a portion of the broker’s commission which the purchaser had agreed to bear in order to facilitate its acquisition of the property. The respondent has treated all of the notes involved, including that representing the broker’s commission, as income of petitioner, and he has approved the installment method of reporting a profit upon the transaction. At the same time the respondent has denied the deduction of the amount of $12,500 paid by petitioner as a broker’s commission, upon the theory that petitioner was not regularly engaged in the real estate business, and, therefore, is not entitled to deduct the entire commission as an ordinary and necessary expense in the year of the sale. The respondent has, however, offset the commission against the total selling price determined by him for the purpose of computing the profit derived by petitioner in the taxable year, upon the theory that the transaction was an installment sale. This is in accordance with the provisions of article 1562 of Regulations 65, and I. T. 2305, interpreting section 202 of the Revenue Act of 1924.
*584 We are satisfied that the note for $12,250, representing the portion of the broker’s commission which the purchaser had agreed to pay, was received by petitioner solely as an agent of the broker and was never petitioner’s property.
The question to be determined, therefore, is the fair market value of the five notes totaling $177,325 received by petitioner for its own benefit.
The testimony has been presented entirely by deposition. It consists of opinion evidence offered by six witnesses for the petitioner and of evidence of such other facts as are set out in our findings. While the opinion evidence tends strongly to establish that the notes had no fair market value, upon consideration o.f the whole record we find ourselves unable to adopt this view. We are of the opinion that the notes involved had a fair market value of not less than $20,000 during the year 1925, and that they should be included in petitioner’s income to that extent in the said year.
Petitioner’s return for the year 1925 reported the sale herein involved on the installment basis. It now seeks to change to what is generally called the deferred payment basis. Under ordinary circumstances, such a change is not permitted. We believe, however, that the principle announced in Key Largo Shores Properties, Inc., 21 B. T. A. 1008, is applicable in the instant case. We there held that a taxpayer reporting an installment sale of real property might later change to the deferred payment basis when it had become apparent during the taxable year that notes received in the transaction were worthless. We said, inter alia:
Under the Revenue Acts various methods of reporting income may be adopted by taxpayers, but all are designed to correctly reflect the true income in order that a just tax may be levied and collected. If a method used by a taxpayer does not clearly reflect income, the respondent may determine the income according to a method which in his opinion does clearly reflect it. Section 212, Revenue Act of 1926. This in itself is sufficient to demonstrate that it was not intended that taxpayers should be irrevocably bound by the election of a method of reporting when that method is erroneous. * * *
We, therefore, believe and so hold that the circumstances of the instant case justify a change as now contended by the petitioner. It follows that petitioner’s profit upon the sale should not be computed upon the installment sale basis, but rather upon the basis of a completed transaction in the taxable year. The expense of the sale should, therefore, be offset against the gross profit in determining net profit in the taxable year. The parties agree that the depreciated cost of the property in 1925 was $40,866.71. The net profit may, therefore, be computed as follows:
*585 Cash payment received in 1925_$60, 000.00
Pair market value of notes received in 1925- 20, 000.00
Gross amount received- 80, 000. 00
Depreciated cost of property-.- 40,868.71
Gross profit__ 39,133. 29
Selling expense:
Commission_$12, 500. 00
Revenue stamps_ 250. 00
- — - 12,750.00
Net profit___-_ 26, 383.29
Reviewed by the Board.

Judgment will ~be entered under Rule 50.